UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOBBY L. MAGWOOD,

                    Petitioner,

vs.                                    Case No. 3:08-cv-747-J-12JRK

WALTER A. MCNEIL, etc.;
et al.,

                    Respondents.

_____

**ORDER**

**I. Status**

    Petitioner is proceeding on a *pro se* Amended Petition (Doc.
#15) (hereinafter Amended Petition) for writ of habeas corpus
pursuant to 28 U.S.C. § 2254, raising twelve grounds: (1) denial
of arrest of judgment claiming legally interlocking inconsistent
verdicts; (2) ineffective assistance of appellate counsel for not
raising the issue that the prosecutor, in closing arguments, made
inappropriate comments on the Petitioner's right to testify or not
testify at trial; (3) ineffective assistance of trial counsel for
failing to challenge Juror Leigh Ann Bennett for cause; (4)
ineffective assistance of trial counsel for failing to seek
dismissal of the sexual battery and kidnapping charges based on

DNA[1] evidence; (5) ineffective assistance of trial counsel for failing to move to suppress or to object to the unsubstantiated evidence that Petitioner had cuts on his hands; (6) ineffective assistance of trial counsel for failing to seek a continuance to depose the victim prior to trial; (7) ineffective assistance of trial counsel for failing to present evidence of the victim's violent or aggressive behavior; (8) ineffective assistance of trial counsel for denying Petitioner the right to testify on his own behalf; (9) ineffective assistance of trial counsel for failing to secure a fair and impartial jury by allowing an all women jury; (10) ineffective assistance of trial counsel for failing to request an instruction on false imprisonment, a lesser-included offense of kidnapping; (11) error in denying Petitioner's request to invoke all writs jurisdiction on the claim that the trial court failed to rule on a motion to disqualify; and (12) error by the First District Court of Appeal in affirming the trial court's decision to reject the addendum to the post conviction motion as untimely filed.

The Amended Petition challenges a 2002 state court (Columbia County) conviction for kidnapping and resisting arrest without violence. Respondents filed a Response to Petition for Habeas Corpus (Doc. #23) (hereinafter Response) and Exhibits (Doc. #24).[2]

---

[1] Deoxyribonucleic acid.

[2] The Court hereinafter refers to the exhibits as "Ex."

Petitioner's Reply to the Respondents' Response (Doc. #29) was filed as well. <u>See</u> Orders (Docs. #10 & #17).

## II. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Id</u>. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

## III. Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d). This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly

established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).

As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed *de novo*, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

Jennings v. McDonough, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted). In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409, 120 S.Ct. at 1521. Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual

findings] by clear and convincing evidence."[3]
28 U.S.C. § 2254(e)(1).

<u>Ward v. Hall</u>, 592 F.3d 1144, 1155-56 (11th Cir. 2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003).  <u>See</u> <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1227 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1142 (2005).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## IV.  Procedural Default

There are two prerequisites to a federal habeas review:  (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."  <u>Upshaw v. Singletary</u>, 70 F.3d 576, 578-79 (11th Cir. 1995) (citations omitted).

---

[3] This presumption of correctness applies equally to factual determinations made by state trial and appellate courts."  <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

"It is well-settled that federal habeas courts may not consider claims that have been defaulted in state court pursuant to an adequate and independent state procedural rule, unless the petitioner can show 'cause' for the default and resulting 'prejudice,' or 'a fundamental miscarriage of justice.'" Mincey v. Head, 206 F.3d 1106, 1135-36 (11th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991), and McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir.) (per curiam), cert. denied, 504 U.S. 944 (1992)), cert. denied, 532 U.S. 926 (2001).

"Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004). "[A] petitioner may gain federal review of an otherwise procedurally defaulted claim if he can demonstrate both cause excusing the default and actual prejudice resulting from the bar." Hill v. Jones, 81 F.3d 1015, 1022-23 (11th Cir. 1996) (citations omitted), cert. denied, 519 U.S. 1119 (1997).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather

than mere "'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

## V.  Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> <u>Strickland v. Washington</u> instructs us that the benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  In order to prevail on an ineffective-assistance-of-counsel claim, a petitioner must establish two things.  First, he must prove that counsel's performance was deficient. "Second, the [petitioner] must show that the deficient performance prejudiced the defense." <u>Id</u>. at 687, 104 S.Ct. at 2064.[4]  We echo the caution sounded by the Court in <u>Strickland</u>: "Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another."

---

[4] "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" <u>Van Poyck v. Fla. Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

<u>Id</u>. at 693, 104 S.Ct. at 2067. We also note the absence of any iron-clad rule requiring a court to tackle one prong of the <u>Strickland</u> test before the other. Indeed, we previously have concluded that because both parts of the test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa. <u>See</u> <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000).

In order to prove the deficient performance prong of the <u>Strickland</u> test, the petitioner must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. <u>Strickland</u>, 466 U.S. at 688, 104 S.Ct. at 2065. "Judicial scrutiny of counsel's performance must be highly deferential" and there is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." <u>Id</u>. at 689, 104 S.Ct. at 2065. Indeed, as we have said, "[t]he test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead, the test is . . . whether what [counsel] did was within the wide range of reasonable professional assistance." <u>Waters</u>, 46 F.3d at 1518 (quotation marks and citation omitted). In order to establish that counsel's conduct was unreasonable, therefore, the petitioner must prove "that no competent counsel would have taken the action that his counsel did take." <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Restated, "[t]he test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." <u>Waters</u>, 46 F.3d at 1512 (quotation marks and citation omitted).

> Another important facet of most
> ineffective-assistance-of-counsel claims is
> trial strategy. We have long held that the
> fact that a particular defense was
> unsuccessful does not prove ineffective
> assistance of counsel. <u>See</u> <u>Chandler</u>, 218 F.3d
> at 1314. Moreover, "counsel cannot be
> adjudged incompetent for performing in a
> particular way in a case, as long as the
> approach taken might be considered sound trial
> strategy." <u>Id</u>. (quotation marks and citation
> omitted).

<u>Ward v. Hall</u>, 592 F.3d at 1163-64. <u>See</u> <u>Rutherford v. Crosby</u>, 385
F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to
counsel's performance mandated by <u>Strickland</u>, the AEDPA adds
another layer of deference--this one to a state court's decision--
when we are considering whether to grant federal habeas relief from
a state court's decision."), <u>cert</u>. <u>denied</u>, 544 U.S. 982 (2005).

## VI. Timeliness

Respondents concede that the Petition is timely. Response at
4.

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

In his first ground, Petitioner complains that the First
District Court of Appeal failed to recognize that the trial court
erred in denying Petitioner's motion for arrest of judgment based
on the contention that the jury verdict of not guilty on two counts
of sexual battery negated a necessary element for conviction on the
kidnapping count, which resulted in true or legally interlocking
inconsistent verdicts in violation of due process of law. Upon

review of the record, post trial, a Motion for Arrest of Judgment and in the Alternative Motion for New Trial was filed by defense counsel. Ex. G. Therein, the argument was made that since the jury found the defendant not guilty of the two counts of sexual battery, it follows that the verdict of guilty of the kidnapping with intent to commit a sexual battery should fall. Id. On July 24, 2002, a hearing on the motion was conducted before the trial court. Ex. C. In response to the motion, the state argued: "[c]learly all that is required is that the defendant act with the intent to facilitate or commit a sexual battery, not that he actually had committed it." Id. at 215. The motion was denied. Id. at 217, 226-27.

On direct appeal, the following issue was presented: "the trial court reversibly erred in denying Appellant's motion for arrest of judgment where the jury returned legally inconsistent verdicts." Ex. H at i (capitalization omitted). Neither this brief nor the reply brief included a constitutional claim. Ex. J. As noted by Respondents, no federal cases were cited, the United States Constitution was not mentioned and Petitioner relied on Florida law. Response at 5-6. The First District Court of Appeal affirmed per curiam. Ex. K.

It appears that Petitioner failed to fairly present his current due process claim to the trial court or the First District Court of Appeal. See Response at 6-7. Petitioner did not provide the state courts with a fair opportunity to address the

constitutional claim he now presents to this Court because he failed to include the due process claim in his motion for arrest of judgment and in the appeal briefs. As a result, Petitioner is barred from raising this due process claim at this juncture.

The Supreme Court of the United States, in addressing the question of exhaustion, explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)). To provide the State with the necessary "opportunity," **the prisoner must "fairly present" his claim in each appropriate state court** (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added). In Baldwin, the Supreme Court recognized a variety of ways a federal constitutional issue could be fairly presented to the state court: by citing the federal source of law, by citing a case deciding the claim on federal grounds, or by labeling the claim "federal." Id. at 32.

Upon review, the appellate briefs did not adequately supply the aforementioned federal or constitutional references. The Court

finds Petitioner did not adequately raise a federal claim under the Due Process Clause. This claim is unexhausted and procedurally defaulted. Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice. Therefore, the Court will apply the state procedural bar to ground one and will not reach the claim on its merits.

In the alternative, to the extent that a federal constitutional claim was exhausted and addressed by the state courts, the adjudications of the state courts are entitled to deference. This claim was rejected on its merits by the circuit court, and upon Petitioner's appeal, the First District Court of Appeal per curiam affirmed the circuit court's order. Thus, there are qualifying state court decisions from both the state circuit and appellate courts. This Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Accordingly, Petitioner is not entitled to relief on the basis of ground one.

In pertinent part, the jury was charged as follows:

> Count III is kidnaping. Before you can find the defendant guilty of kidnaping the State must prove the following three elements beyond a reasonable doubt:
>
> 1. The defendant forcibly, secretly or by threat confined, abducted or imprisoned the victim against her will.
>
> 2. The defendant had no lawful authority.
>
> 3. **The defendant acted with intent to commit or facilitate commission of sexual battery.**
>
> In order to be kidnaping the confinement, abduction or imprisonment must not be slight, inconsequential or merely incidental to the felony. It must not be of the kind inherent in the nature of the felony and must have some significance independent of the felony in that it makes the felony substantially easier of commission or substantially lessens the risk of detection.

Ex. E at 219-20 (emphasis added).

In Florida, "[a]s a general rule, inconsistent verdicts are permitted . . . because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant." Conrad v. State, 977 So.2d 766, 768 (Fla. 5th DCA 2008)(citation omitted). "Similarly, the federal courts have held that the rendering of inconsistent verdicts has always been an exclusive privilege and prerogative of the jury, and it is not the duty of the court to 'unravel the ratiocinations of the jury's

collective logic.'" <u>Gonzalez v. McNeil</u>, No. 06-22998-Civ, 2008 WL 731496, at *7 (S.D. Fla. 2008) (not reported in F.Supp.2d) (quoting <u>Odom v. United States</u>, 377 F.2d 853, 857 (5[th] Cir. 1967)).

Importantly, in this case, the state only needed to prove that the Petitioner had the intent to commit an offense. For example, in <u>Cardali v. State</u>, 794 So.2d 719, 722 (Fla. 3rd DCA 2001) (per curiam), the defendant was charged with kidnapping by confining the victim with the intent to commit or facilitate the commission of a sexual battery and with the separate offense of sexual battery against the same victim. The jury found the defendant not guilty of sexual battery, but guilty of kidnapping. <u>Id</u>. As in the case at bar, Cardali asserted that since the kidnapping was based on intent to commit sexual battery, the conviction for kidnapping could not stand due to his acquittal for the sexual battery charge. <u>Id</u>. This argument was rejected. <u>Id</u>.

> Sexual battery was not an essential element of kidnapping and to convict for one and not the other does not result in an inconsistent verdict; these are two separate offenses and stand alone regardless of the intent behind the kidnapping to commit the sexual battery. <u>See</u> <u>Brown v. State</u>, 429 So.2d 839 (Fla. 3d DCA 1983) (jury's acquittal on robbery and sexual battery was not logically inconsistent with guilty verdict on the remaining count of entering a dwelling with the intent to commit robbery and sexual battery).

<u>Cardali</u>, 794 So.2d at 722.

In Petitioner's case, the verdict of guilty for kidnapping and the not guilty verdict for the sexual battery counts do not amount

to truly inconsistent verdicts on legally interlocking charges. See Gonzalez, 2008 WL 731496, at *7 n.13. Petitioner is not entitled to relief on his first ground.

**B. Ground Two**

In his second ground, Petitioner raises a claim of ineffective assistance of appellate counsel. "The same standard applies whether [a court is] examining the performance of counsel at the trial or appellate level." Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001) (citing Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987)). "In considering the reasonableness of an attorney's decision not to raise a particular claim, [a court] must consider 'all the circumstances, applying a heavy measure of deference to counsel's judgments.'" Eagle, 279 F.3d at 940 (quoting Strickland, 466 U.S. at 691).

To determine whether Petitioner was prejudiced by his attorney's failure to raise a particular issue on appeal, the Court "must decide whether the arguments the [Petitioner] alleges his counsel failed to raise were significant enough to have affected the outcome of his appeal." United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citing Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988)), cert. denied, 531 U.S. 1131 (2001). "If [a court] conclude[s] that the omitted claim would have had a reasonable probability of success, then counsel's performance was necessarily prejudicial because it affected the outcome of the

appeal." <u>Eagle</u>, 279 F.3d at 943 (citing <u>Cross v. United States</u>, 893 F.2d 1287, 1290 (11th Cir. 1990)).

Petitioner alleges his appellate counsel was ineffective for failing to raise the issue that the prosecutor, in closing arguments, made inappropriate comments on the Petitioner's right to testify or not testify at trial. This claim was exhausted in a state petition for writ of habeas corpus filed in the First District Court of Appeal.[5] Ex. L. The petition was denied on the merits. <u>Magwood v. State</u>, 871 So.2d 211 (Fla. 1st DCA 2004) (per curiam); Ex. N. Petitioner moved for rehearing, Ex. O, and rehearing was denied. Ex. P.

The decision of the First District Court of Appeal is entitled to AEDPA deference, regardless of whether or not an explanation is provided for the reasoning behind the court's decision. <u>Wright</u>, 278 F.3d at 1254-55. Upon a thorough review of the record and the applicable law, the First District Court of Appeal's adjudication of this claim of ineffective assistance of appellate counsel was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

---

[5] Although Respondents assert that this claim of ineffective assistance of appellate counsel was not properly exhausted, upon review, the Court finds the claim was adequately presented to the state court for its review. <u>See</u> Ex. L at 2-3. The claim is not procedurally defaulted.

See Response at 10-12.  Accordingly, Petitioner is not entitled to relief on the basis of ground two.

Alternatively, Petitioner is simply not entitled to relief on his second ground.  Briefly, in closing, the state argued:

> [THE PROSECUTOR]:  Interesting too, the defendant has an absolute right in every criminal case not to take the stand.  And under no circumstances, and the Court will instruct you in this, you are not to hold that against him or her in any fashion.  And that, in fact, is the case here.  But interestingly enough, Bobby Lee Magwood has testified in a sense --
>
> MR. FLINN [DEFENSE COUNSEL]:  Objection, Your Honor.  May we approach?

Ex. E at 183.  At a side bar conference, defense counsel explained his objection:

> MR. FLINN:  Your Honor, I know you are going to read a jury instruction of the defendant's right not to testify.  The prosecutor quoting that in closing and then making comments about Mr. Magwood not testifying, but yet he testified in a way is a comment on the defendant's right to remain silent, the defendant's right not to testify.  That is my objection, Your Honor.  His comment on my client not testifying in this trial and I would move for a mistrial.

Id. at 183-84.

The prosecutor responded:

> MR. CLARK:  I think in light of what was said that Mr. Flinn's reasoning is convoluted at best because all I am referring to before I was interrupted was the statements that he made during the course of the investigation and that is absolutely correct and that is subject to fair comment.  It's not a comment

on the fact that he chose not to testify today
in any way, shape or form.

Id. at 184.

The trial court denied the motion for mistrial. Id. The
prosecutor proceeded to explain that he meant the statements that
Petitioner made on December 13, 2001, shortly after Petitioner was
arrested. Id. at 185.

At the conclusion of the trial, the jury was instructed:

> The defendant exercised a fundamental
> right by choosing not to be a witness in this
> case. You must not view this as an admission
> of guilt or be influenced in any way by his
> decision. No juror should ever been [sic]
> concerned that the defendant did or did not
> take the witness stand to give testimony in
> the case.
>
> A statement or statements claimed to have
> been made by the defendant outside of court
> has been placed before you. Such statement
> should always be considered with caution and
> be weighed with great care to make certain it
> or they were freely and voluntarily made.
>
> Therefore, you must determine from the
> evidence that the defendant's alleged
> statement was knowingly, voluntarily and
> freely made. In making this determination you
> should consider the total circumstances,
> including but not limited to whether when the
> defendant made the statement he had been
> threatened in order to get him to make the
> statement and whether anyone had promised him
> anything in order to get him to make it.
>
> If you conclude that the defendant's out
> of court statement or statements was or were
> not freely and voluntarily made you should
> disregard it or them.

Id. at 223-24.

"In order to determine whether improper remarks constitute reversible error, they should be reviewed within the context of the closing argument as a whole and considered cumulatively within the context of the entire record." <u>Lewis v. State</u>, 879 So.2d 101, 103 (Fla. 5th DCA 2004) (citations and quotation marks omitted). Here, the trial court found that, in context, there was nothing improper about the prosecutor's comments. The prosecutor's comment was an isolated and brief statement, immediately objected to by defense counsel. After the motion for mistrial was denied, the prosecutor explained that he was referencing the statements Petitioner made shortly after he was arrested. During the charge to the jury, the trial court provided the jury with a very complete and thorough instruction on Petitioner's decision to exercise his fundamental right not to take the stand and testify.

In light of the above circumstances, Petitioner did not receive the ineffective assistance of appellate counsel by counsel's failure to raise a prosecutorial misconduct claim based on the highlighted comment. The omitted appellate claim was not significant enough to have affected the outcome of the direct appeal. It would not have had a reasonable probability of success. Therefore, appellate counsel's performance was not necessarily prejudicial because it did not affect the outcome of the appeal. Ground two is denied.

## C. Ground Three

In his third ground, Petitioner raises a claim of ineffective assistance of trial counsel for failure to challenge Juror Leigh Ann Bennett for cause. Respondents urge this Court to find this claim procedurally defaulted, contending that although Petitioner raised this issue in his Rule 3.850 motion, he failed to present the claim on appeal of the denial of the Rule 3.580 motion.

This ground was raised in the Rule 3.850 motion as Ground III. Ex. DD at 4-6. The trial court denied this ground finding:

> In Ground III, the Defendant asserts that his trial counsel was ineffective for failing to challenge for cause prospective juror Bennett where a gender neutral reason was advanced to strike another prospective juror. During the process of *voir dire*, prospective juror Bridges was excused based on a peremptory challenge because he knew the presiding judge, yet prospective juror Bennett was not the subject of a challenge even though she admitted that she knew the presiding judge's wife and children. The Defendant asserts that this disparity of treatment between the two prospective jurors shows that his counsel was ineffective as juror Bennett should also have been removed. The Defendant does not allege with any specificity how juror Bennett remaining on the jury led to prejudice, the Defendant merely challenges his counsel's tactical decision to excuse juror Bridges, and not excuse juror Bennett. Therefore, the Defendant does not present a claim for which relief may be granted in Ground III.

Id. at 25.

Petitioner appealed the denial of ground III. Ex. FF at 3-5. This ground is exhausted and not procedurally defaulted. The First

District Court of Appeal per curiam affirmed the decision of the trial court. <u>Maqwood v. State</u>, 979 So.2d 223 (Fla. 1st DCA 2008); Ex. II. Petitioner moved for rehearing, Ex. JJ, and rehearing was denied. Ex. KK. The mandate issued on April 29, 2008. Ex. LL.

There are qualifying state court decisions from both the state circuit and appellate courts. Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. <u>See</u> Response at 14-15.[6] Accordingly, Petitioner is not entitled to relief on the basis of ground three.

**D. Ground Four**

In his fourth ground, Petitioner claims he received the ineffective assistance of counsel for failure to seek dismissal of the sexual battery and kidnapping charges based on DNA evidence. Although Respondents assert that this ground is procedurally barred for the same reasons as expressed with respect to ground three, the Court finds that the claim is not procedurally defaulted.

---

[6] Of note, Juror Bennett said she knew Judge Bryan's "wife through working at a picnic at school and his kids." Ex. B at 178. She stated she had no problem sitting as a juror with Judge Bryan presiding. <u>Id</u>. When Ms. Bennett's name came up during jury selection, after defense counsel conferred with Petitioner, there was no objection to Juror Bennett. <u>Id</u>. at 199.

This was the fourth ground raised in the Rule 3.850 motion.
Ex. DD at 7-8. In denying this ground, the trial court said:

> In Ground IV, the Defendant asserts that
> his trial counsel was ineffective for failing
> to file a Motion to Dismiss when the DNA
> testing proved the Defendant's innocence prior
> to going to trial, leading to an illegal
> conviction. Initially, the Defendant claims
> that his counsel agreed to waive speedy trial
> so that the State could take his blood for DNA
> testing. A review of the court file shows
> that the Defendant entered a Demand for Speedy
> Trial, on April 2, 2002, and the case was set
> for jury selection on April 15, 2002. On
> April 9, 2002, the State entered a Motion to
> Compel seeking a blood sample from the
> Defendant to compare to samples taken from the
> victim. Also on April 9, 2002, the State
> entered Motion to Extend the Speedy Trial Time
> Period. Both of the motions entered by the
> State were granted by the trial court on April
> 11, 2002. There is no indication that the
> Defendant's counsel agreed to waive the speedy
> trial period, in fact, the record shows that
> the speedy period was legally extended based
> on the State's request. Therefore, the
> Defendant's counsel was not ineffective by
> agreeing to waive the speedy trial time period
> and agree[ing] to a continuance to allow the
> State to test the Defendant's DNA. The
> Defendant also asserts in Ground Four that his
> trial counsel was ineffective for failing to
> move for a dismissal as the underlying
> complaint entered by the victim fails to
> support a charge of kidnapping. This claim is
> not supported by the record. The Information
> filed with this Court on January 7, 2002, and
> the incident report included with
> Information, show that the charge of
> kidnapping was supported by the victim's
> statements.[7] Therefore the Defendant does

---

[7] Obviously, the trial court believed there was sufficient
evidence on the sexual battery counts to allow them to go to the
jury. Ex. E at 159-62. Of course, Petitioner was acquitted of the
sexual battery charges; therefore, Petitioner was not prejudiced by

not present a claim for which relief may be
granted in Ground IV.

Id. at 25-26.  The denial of this ground was raised, Ex. FF, and
affirmed on appeal.  Ex. II.

Upon a thorough review of the record and the applicable law,
the state courts' adjudications of this claim were not contrary to
clearly established federal law, did not involve an unreasonable
application of clearly established federal law, and were not based
on an unreasonable determination of the facts in light of the
evidence presented in the state court proceedings.  See Response at
15.  Accordingly, Petitioner is not entitled to relief on the basis
of ground four.

In the alternative, upon review of the record and the trial
transcript, counsel's performance was not deficient.  On the
contrary, Petitioner was found not guilty as to the two sexual
battery counts charged in the information.  Counsel achieved
substantial success in defending Petitioner.  At the end of the
trial, after the verdict was published, Petitioner shook his
counsel's hand and said:  "Hey man, you did a good job."  Ex. E at
240.  Counsel's performance did not fall below the wide range of
competence demanded of attorneys in criminal cases.  Moreover,
Petitioner was not prejudiced by his performance.

---

any failure on counsel's part to move for dismissal of those
counts.  Ex. A at 91.

**E.  Ground Five**

The fifth ground of the Petition presents a claim of ineffective assistance of trial counsel for failure to move to suppress or to object to the unsubstantiated evidence that Petitioner had cuts on his hands.  Again, Respondents urge this Court to find the claim procedurally barred.  Response at 15-16. Since the claim was raised in the Rule 3.850 motion, Ex. DD at 9-10, and the denial of this ground was adequately asserted on appeal of the Rule 3.850 motion, Ex. FF, the Court finds that ground five is not procedurally defaulted.

The circuit court adjudicated ground five as follows:

> In Ground V, the Defendant asserts that his trial counsel was ineffective for failing to file a pre-trial Motion to Suppress or object to the alleged and unproven evidence presented at trial that the Defendant had cuts on his hands.  The Defendant claims that the only evidence of cuts to his hands comes from the testimony of a law enforcement officer, and is not substantiated by any doctor's notes, pictures or hard evidence, and therefore, the testimony is inadmissible as hearsay.  The Defendant is incorrect, and the testimony is not considered hearsay.  The law enforcement officer's testimony is proper as he was testifying to what he saw on the evening of the crime.  As the testimony was proper, the Defendant's trial counsel cannot be held to be ineffective for failing to move to suppress or object to permissible testimony.  Therefore the Defendant does not present a claim for which relief may be granted in Ground V.

Ex. DD at 26.  The First District Court of Appeal affirmed per curiam.  Ex. II.

- 24 -

This claim was rejected on the merits by the circuit court, and upon Petitioner's appeal, the First District Court of Appeal per curiam affirmed the circuit court's order. Thus, there are qualifying state court decisions from both the state circuit and appellate courts. These decisions are entitled to deference under AEDPA. The state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 16. Accordingly, Petitioner is not entitled to relief on the basis of ground five.

**F. Ground Six**

In ground six, Petitioner contends that his trial counsel was ineffective for failing to seek a continuance to depose the victim prior to trial. This ground was addressed at the state evidentiary hearing. Ex. EE. The trial court, taking into consideration the Rule 3.850 motion and the testimony given at the hearing, concluded:

> Trial counsel Walter Flinn was not ineffective in failing to request a continuance in order to formally depose the victim. The court file reflects that the victim was subpoenaed on two separate occasions by Mr. Flinn for a discovery deposition. The first subpoena was issued within six (6) days of the State's initial discovery response. The victim, however, failed to appear for either the first or second deposition. The evidence shows that

Mr. Flinn and the Defendant then adequately discussed and implemented a reasonable trial strategy, that being to demand speedy trial anticipating that the victim may not appear at trial and the State would be forced to dismiss the charges against the Defendant. The Defendant specifically told Mr. Flinn that the victim would not come to trial. The Defendant and Mr. Flinn reasonably opined that the victim, a prostitute diagnosed with H.I.V., may not be cooperating with the prosecution of the case and/or the State may not have known her exact whereabouts. It was apparent that the victim moved more than moved [sic] more than once during the discovery process. The Defendant agreed with the trial strategy, and a Demand for Speedy Trial was filed. The State was subsequently granted a Motion to Extend Speedy Trial and Motion to Continue over the objection of Mr. Flinn. Mr. Flinn subsequently filed a Notice of Expiration of Speedy Trial forcing the State to try the Defendant on an expedited basis. The evidence showed that Mr. Flinn continued to investigate the case, and according to Mr. Flinn's testimony he actually made contact with the victim prior to trial. Mr. Flinn also acquired/disclosed prior convictions of the victim. Pursuant to Florida law, however, the defense could no longer engage in formal discovery once speedy trial was demanded, as the basis of a speedy trial demand is that the defense is imminently ready for trial. Ultimately, the Defendant's trial strategy did not come to fruition, as the victim appeared and testified for the State at trial. Reasonable strategic decisions of a defendant and his trial counsel, however, should not be second-guessed post guilty verdict. It was a perfectly reasonable trial strategy in the instant case for the defense to demand speedy trial and choose not to continue to attempt to depose the victim. The Court finds that Mr. Flinn provided more than adequate assistance in his representation of the Defendant and was not ineffective in failing to formally depose the victim. The Court denies the Defendant's motion as to Ground 6.

Ex. DD at 63-74 (enumeration omitted). The First District Court of Appeal affirmed per curiam. Ex. II.

The decisions of the trial court and the First District Court of Appeal are entitled to deference under AEDPA. The adjudications of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground six because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts. <u>See</u> Response at 17-18.

**G. Ground Seven**

In his seventh ground, Petitioner urges this Court to find his counsel was ineffective for failing to present evidence of the victim's violent or aggressive behavior. Ground seven was addressed at the state evidentiary hearing. Ex. EE. In denying this ground, the circuit court said:

> As to Ground 7, the Court finds that defense counsel was not ineffective in failing to develop a theory during closing argument as to the victim's "reputation for violence and/or aggressive behavior." It should first be noted that the Defendant's use of the term "reputation for violence and/or aggressive behavior" is not the same as the type of character and/or reputation evidence as controlled by Fla. Stats. 90.404 and 90.405. Rather the Defendant is essentially asserting that Mr. Flynn [sic] failed to adequately impeach the witness with evidence of her past

> criminal and reckless behavior. In particular
> the Defendant wanted Mr. Flynn [sic] to bring
> two facts to the attention of the jury: (1)
> the victim was a prostitute who knew she had
> HIV but claimed to use condoms, yet on [the]
> date in question she had semen from two
> different sources in her vaginal cavity and
> (2) the victim was known as such a
> troublemaker that she was actually banned from
> a drive-through only restaurant. Mr. Flinn
> testified that he was aware of this
> information but made a conscious decision not
> to question the victim about it. In Mr.
> Flinn's opinion there is a fine line between
> impeaching a witness's creditability [sic] and
> beating them up to the point where the jury
> begins to feel sympathy for them. As Mr.
> Flinn testified, the State (on direct or
> opening) actually informed the jury of more
> damaging credibility information. To further
> attack her credibility would run the risk of
> the jury beginning to feel sorry for her. The
> Court finds that Mr. Flinn's assessment of the
> situation was based on reasonable trial
> strategy and he provided satisfactory
> assistance in his representation of the
> Defendant and was not ineffective in failing
> to present additional grounds to impeach the
> testimony of the victim. The Court denies the
> Defendant's motion as to Ground 7.

Ex. DD at 64 (enumeration omitted). The state appellate court affirmed this decision. Ex. II.

Here, the decisions of the trial court and the First District Court of Appeal are entitled to deference under AEDPA. The adjudications of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground seven because the state courts' decisions were not contrary to

clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts. See Response at 19-20.

**H. Ground Eight**

Petitioner alleges, in ground eight, that his counsel was ineffective for denying Petitioner his right to testify on his own behalf. This claim was raised as the ninth ground in the Rule 3.850 motion. This issue was heard at the state court evidentiary hearing. Ex. EE. In denying this ground, the trial court stated:

> As to Ground 9, the Court finds that defense counsel was not ineffective in denying the Defendant his Constitutional right to testify. The evidence showed that Mr. Flinn and his client adequately discussed, pre-trial, the Defendant's right to remain silent and his right to take the stand in his defense. They also discussed the pros and cons of each alternative, including the fact that the jury would learn that the Defendant was a convicted felon.[8] Mr. Flinn and the Defendant agreed that the Defendant would not take the stand in the defense's case at trial.
>
> To counter Mr. Flinn's testimony, the Defendant relies greatly on a somewhat ambiguous line from the trial transcript. On pages 162 and 163 of the trial transcript the following exchange took places [sic] between the Court, Mr. Flinn and the Defendant:
>
> The Court: Having denied the Motion for Judgment of Acquittal, are there any other

---

[8] Petitioner had previously been convicted of murder. Ex. HH, Letter of Walter Flinn, dated October 21, 2002. See http://www.dc.state.fl.us/ActiveInmates/detail.

matters to be taken before we start the next
phase of the case?

> Mr. Flinn: Yes, your Honor. We have
> already opened our defense with the
> stipulation in there that Your Honor read to
> the jury. I have gone over with my client,
> Mr. Magwood, and explained to him I can't
> force him to testify or not testify. He has
> the absolute right to do either. He expressed
> to me he would not testify. Is that correct,
> Mr. Magwood?

> Defendant: No.

> Mr. Flinn: With that, Your Honor, the
> Defense closes also and we ask to make those
> statements in front of the jury and then go
> straight to jury charge.

> In his Motion the Defendant asserts that
> his "No" meant "No, I did not agree that I
> would not testify." However, as pointed out
> by Mr. Flinn if there was any doubt whether
> the Defendant was waiving his right to
> testify, there would have been an immediate
> inquiry by the Court. This Court agrees with
> Mr. Flinn and finds that the Defendant's "No"
> did in fact mean "No, I do not wish to
> testify." Additionally, assuming arguendo
> that there was still some confusion, the
> Defendant is not required to waive his right
> to testify on the record; in the State of
> Florida, as in the instant case, defense
> counsel can waive that right for their client
> on the record. See Torres v. Arboledo, 524
> So.2d 403 (Fla. 1988); Morris v. State, 931
> So.2d 821 (Fla. 2006); Cutter v. State, 460
> So.2d 538 (Fla. 2d DCA 1984). The Court
> denies the Defendant's motion as to Ground 9.

Ex. DD at 64-65. The First District Court of Appeals affirmed per

curiam. Ex. II.

The decisions of the trial court and the First District Court

of Appeal are entitled to deference under AEDPA. The adjudications

of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground eight because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts.[9] <u>See</u> Response at 21-22.

## I. Ground Nine

In ground nine, Petitioner claims his counsel was ineffective for failing to secure a fair and impartial jury by allowing an all women jury. This was the first ground raised in the Rule 3.850 motion. The trial court addressed this claim, and denied relief finding:

> In Ground I, the Defendant asserts that his trial counsel was ineffective for failing to ensure that the Defendant received a trial with a fair and impartial jury. The Defendant asserts that his trial counsel was ineffective when he allowed a case based on charges of sexual battery and kidnapping to proceed to trial with an all-women jury. A review of the court file shows that there was one challenge of a juror for cause, and eight peremptory challenges allowed by the Court. The

---

[9] Although Petitioner's response was somewhat ambiguous, Petitioner could have protested to his counsel, or to the Court, that he wanted to testify when counsel announced that the defense was resting its case. Ex. E at 163. Instead, Petitioner remained silent. <u>Id</u>. Counsel announced to the court that Petitioner had expressed his desire not to testify, explaining that he had gone over with Petitioner his absolute right to either testify or not testify. <u>Id</u>. at 162-63.

challenge for cause was done by the State, and removed a prospective female juror. The court file also shows that of the peremptory challenges, two were raised by the State and six were raised by the Defense. The two peremptory challenges raised by the State removed a prospective female juror and a prospective male juror. The six peremptory challenges raised by the defense removed one prospective female juror and five prospective male jurors. The court file does not indicate that the Defendant had any opposition to the removal of the prospective jurors, nor any opposition to the final make-up of the jury at the time of trial. Thus, the record shows that the Defense removed more males (five to one) from the jury panel than the State, and the Defendant did not object or raise any questions prior [to] the jury being impaneled, and is therefore estopped from raising this claim now. The Defendant asserts that the Defense had five remaining peremptory challenges, and his trial counsel chose not to use any of the challenges to try to get a mixed male-female jury. This is a tactical decision that cannot be the subject of a collateral attack. <u>Wright v. State</u>, 581 So.2d 882 (Fla. 1991). Therefore, the Defendant has failed to raise a claim upon which relief may be granted in Ground I.

Ex. DD at 24-25. The First District Court of Appeal affirmed. Ex. II.

The decisions of the trial court and the First District Court of Appeal are entitled to deference under AEDPA. The adjudications of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground nine because the state courts' decisions were not contrary to clearly established

federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts.[10]  See Response at 22-23.

**J.  Ground Ten**

Petitioner asserts that his counsel was ineffective for failing to request an instruction on false imprisonment, a lesser-included offense of kidnapping, in his tenth ground for post conviction relief.  This was the eighth ground raised in the Rule 3.850 motion.  The claim was addressed by the trial court and denied:

> In Ground VIII, the Defendant asserts that his trial counsel was ineffective for failing to adequately discuss or plan for lesser included offenses. The record indicates that the Defendant was not only in agreement with, but was the reason for, his trial counsel requesting that no lesser included offenses be offered in the jury instructions. As the Defendant received what he was asking for at the time of the jury instructions, he is estopped from later raising this issue as a collateral attack. Therefore, the Defendant does not present a claim for which relief may be granted in Ground VIII.

Ex. DD at 26.  The First District Court of Appeal affirmed per curiam.  Ex. II.

AEDPA deference should apply to this ground.  The adjudications of the state trial and appellate courts resulted in

---

[10] The record reflects that Petitioner was intimately involved in the jury selection, conferring with counsel on a frequent basis. Ex. B at 197-204.

decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground ten because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts.[11] See Response at 23-24.

## K.  Ground Eleven

In his eleventh ground, Petitioner argues that the First District Court of Appeal erred in denying Petitioner's request to invoke all writs jurisdiction on the claim that the trial court failed to rule on a legally sufficient motion to disqualify. The record shows that Petitioner filed a Petition to Invoke All Writs Jurisdiction with the First District Court of Appeal. Ex. MM. As relief therein, Petitioner requested that the appellate court vacate its recent mandate affirming the decision of the trial court concerning the Rule 3.580 motion and order the trial court to reassign the Rule 3.850 proceeding to another judge to address the post conviction motion anew. Id.

---

[11] Petitioner told the trial court that he wanted no lessers. Ex. E at 164. He wanted the charge "[j]ust like it is." Id. The trial court inquired as to whether that was Petitioner's desire, and Petitioner responded in the affirmative. Id. at 164-65. Defense counsel and Petitioner confirmed that it was part of the defense strategy to ask for no lessers. Id. at 166.

A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  To the extent that Petitioner argues that the First District Court of Appeal's denial of his request to invoke all writs jurisdiction was in error and deprived him of due process of law, such a claim does not present an issue that is cognizable on federal habeas review.  The Eleventh Circuit has noted:

> In Spradley v. Dugger, we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief.  825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion); see also Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings").  Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.  See Spradley, 825 F.2d at 1568.

<u>Quince v. Crosby</u>, 360 F.3d 1259, 1261-62 (11th Cir.), <u>cert</u>. <u>denied</u>, 543 U.S. 960 (2004). Thus, Petitioner is not entitled to relief on the basis of this claim.

**L.  Ground Twelve**

In his final claim, ground twelve, Petitioner asserts that the First District Court of Appeal erred in affirming the trial court's decision to reject Petitioner's addendum to post conviction relief as untimely filed, denying Petitioner due process of law. The trial court, in the Order Denying Defendant's Motion for Post-Conviction Relief, held:

> **With regards to the Defendant's Addendum to the instant 3.850 motion, this Court finds such addendum to be untimely and therefore barred under Fla. R. Crim. P. 3.850(b).** The Defendant's history of filing 3.850 motions is long and complex and includes initially [sic] filings, request to dismiss without prejudice, appeals of orders to dismiss, motions to supplement and addendums to the initial motion.
>
> Florida Rule of Criminal Procedure 3.850 provides that a motion for post-conviction relief must be filed within two-years of the conviction becoming final. Where the defendant files a direct appeal of his conviction, the conviction does not become final until the issuance of a mandate from the district court of appeal. In the instant case, the Defendant was sentenced on July 24, 2002. Following a direct appeal the First District Court of Appeals issued its mandate on September 19, 2003. Considering this mandate did not include a written opinion the deadline for the Defendant to file a post-conviction motion was September 19, 2005. Defendant first filed a motion for post-conviction relief pursuant to rule 3.850 on

March 12, 2004. Defendant then sought a voluntary dismissal without prejudice to re-file on August 9, 2004. This was followed immediately by his second motion for post-conviction relief filed on August 18, 2004. Defendant then filed his third motion for post-conviction relief on February 17, 2005. This too was followed by a motion for voluntary dismissal without prejudice to re-file on April 12, 2005. In response to the motion for voluntary dismissal the court on May 11, 2005, order [sic] the dismissal of all pending motions for post-conviction relief, essentially wiping the slate clean. The Defendant filed notice of appeal of the court's order on May 26, 2005. Defendant then filed his fourth motion for post-conviction relief on September 20, 2005. On May 5, 2006, the First District Court of Appeals dismissed Defendant's appeal of the trial court's dismissal order. On May 10, 2006, the Defendant filed a motion for voluntary dismissal of his motion for post-conviction relief. On June 20, 2006, the Defendant filed his fifth motion for post-conviction relief. It is on this motion that the trial court ordered the State's response and evidentially held the evidentiary hearing as discussed above. **The Defendant's Addendum in which he raises new grounds, not previously discussed in the June 20th motion, was filed October 5, 2006, some three years after his sentence became final and a full year after the filing deadline.**

Ex. DD at 66 (enumeration omitted) (footnote omitted) (emphasis added). This decision was affirmed on appeal. Ex. II.

Petitioner has not presented an issue cognizable on federal habeas corpus review because he is really complaining about an alleged defect in a collateral proceeding, which does not state a claim for habeas relief. Quince, 360 F.3d at 1261-62. It is not the province of this Court to reexamine the determinations of the

state courts on state law issues. This ground simply involves a state court's interpretation and application of Florida law. It is not a claim of constitutional dimension. As a result, this ground should be dismissed.

Alternatively, assuming Petitioner raised an issue cognizable on habeas corpus, ground twelve must fail. The lower court applied a state procedural bar to the untimely addendum to the Rule 3.850 motion. See Harmon v. Barton, 894 F.2d 1268, 1270-71 (11th Cir.), cert. denied, 498 U.S. 832 (1990). Not only did the trial court determine that the addendum was untimely filed and employed the procedural bar, the state appellate court affirmed this decision. The First District Court of Appeal's per curiam affirmance of the trial court's ruling explicitly based on procedural default bars consideration by this Court of the issues raised in the addendum. Harmon, 894 F.2d at 1273.

Here, Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice. Therefore, the Court will apply the state procedural bar and concludes the issues raised in the addendum are barred from this Court's review.

Any claims not specifically addressed are found to be without merit. Thus, for all of the above-stated reasons, the Amended Petition will be denied and this case will be dismissed with prejudice.

## VIII. Certificate of Appealability

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     If Petitioner appeals the denial of the Amended Petition, **the Court denies a certificate of appealability**.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

2.     The Amended Petition (Doc. #15) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

4.     The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___21st___ day of ___April___, 2010.

HOWELL W. MELTON
United States District Judge

sa 3/30
c:
Bobby L. Magwood
Ass't A.G. (McCoy)