UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOBBY L. MAGWOOD,

           Petitioner,

v.                                              Case No. 3:08-cv-747-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

           Respondents.

_____

## **ORDER**

This matter comes before the Court on Petitioner Bobby Magwood's Motion to Set Aside Judgment (Motion; Doc. 53), filed pursuant to Federal Rule of Civil Procedure 60(d)(1) and (3) on January 3, 2020.[1] In the Motion, Magwood requests that the Court set aside the judgement entered on April 21, 2010, following the denial of his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docs. 31; 32). Motion at 1. Magwood contends newly discovered evidence exists that exonerates him. Id. at 1-2.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

Although not entirely clear, it appears Magwood is arguing that on appeal to the Eleventh Circuit Respondents identified the alleged victim as a sexual battery victim, but he was found not guilty on the sexual battery charges at his criminal trial in state court. Id.

Pursuant to Rule 60(d)(1), a court has the power to entertain an independent action to relieve a party from a judgment, order, or proceeding. The Eleventh Circuit has "identified the following elements required for Rule 60(d)(1) relief:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1359 (11th Cir. 2014) (quoting Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir.1985)). Likewise, under Rule 60(d)(3), a court has the authority to set aide a judgment for fraud on the court. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Galatolo v. United States, 394 F. App'x 670, 672 (11th Cir. 2010) (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)). "An action for fraud upon the court should be available only to 'prevent a grave miscarriage of justice.'" Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). A party seeking relief under Rule 60(d)(3) must establish such by clear and convincing evidence and conclusory allegations are insufficient to prove the existence of the same. Id.; Gupta v. U.S. Atty. Gen., 556 F. App'x 838, 840 (11th Cir. 2014). The party must demonstrate

that "the challenged outcome was actually obtained through - or at least impacted by - the alleged fraud." Gupta, 556 F. App'x at 840.

Magwood has not established relief under either Rule 60(d)(1) or (3). He has provided only conclusory allegations with no supporting facts demonstrating by clear and convincing evidence that the judgment should not be enforced or that fraud occurred. See Gupta, 556 F. App'x at 840. At best, Magwood has only alleged that Respondents mischaracterized the status of the victim with the Eleventh Circuit, not this Court. Even assuming Magwood's allegations are true, it does not establish that the judgment against Magwood in this case should not be enforced or that fraud was committed. A party's pleadings are not evidence. Moreover, this alleged error occurred in a pleading on appeal not before this Court and would not have, in any manner, impacted this Court's decision or Magwood's underlying criminal proceedings. See id. As such, the Motion is due to be denied.

Accordingly, it is **ORDERED** that

1. Magwood's Motion to Set Aside Judgment (Doc. 53) is **DENIED**.

2. If Magwood appeals the Court's denial of his Motion, the Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of Court** shall terminate from the pending

---

[2] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of January, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8
C: Bobby L. Magwood #0233111
    Counsel of record